**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| PRIMROSE RETIREMENT COMMUNITIES, L.L.C. | ) | CASE NO. _____ |
| 815 North 2nd Street | ) | |
| Aberdeen, South Dakota 57401 | ) | JUDGE _____ |
| | ) | |
| -and- | ) | |
| | ) | |
| JEFFERSON CITY RETIREMENT, L.L.C. | ) | |
| 815 North 2nd Street | ) | |
| Aberdeen, South Dakota 57401 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT** |
| -vs- | ) | |
| | ) | |
| OMNI CONSTRUCTION COMPANY, INC. | ) | |
| c/o CT Corporation System, Statutory Agent | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| RICHARD L. STONE | ) | |
| 70 Stonewood Drive | ) | |
| Moreland Hills, Ohio 44022 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| SUZANNA L. STONE | ) | |
| 70 Stonewood Drive | ) | |
| Moreland Hills, Ohio 44022 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| FIDELITY & DEPOSIT COMPANY OF | ) | |
| MARYLAND | ) | |
| 1299 Zurich Way | ) | |
| Schaumberg, IL 60196 | ) | |
| | ) | |
| Defendants. | ) | |

Now come Plaintiffs Primrose Retirement Communities, L.L.C. ("**Primrose**") and Jefferson City Retirement, L.L.C. ("**Jefferson City**," and together with Primrose, collectively, "**Plaintiffs**"), and hereby set forth their complaint ("**Complaint**") against Omni Construction Company, Inc. ("**Omni Construction**"), Richard L. Stone ("**R. Stone**"), and Suzanna L. Stone ("**S. Stone**," and together with R. Stone, collectively the "**Stones**,"), Fidelity & Deposit Company of Maryland (**"F&D"** and together with Omni Construction and the Stones, collectively, "**Defendants**") as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Primrose is a limited liability company organized under the laws of the State of South Dakota with its principal place of business in Aberdeen, South Dakota.  The members of Primrose are all citizens of the State of South Dakota.

2.      Plaintiff Jefferson City is a limited liability company organized under the laws of the State of South Dakota with its principal place of business in Aberdeen, South Dakota.  The members of Jefferson City are all citizens either of the State of South Dakota or another state other than the State of Ohio.

3.      Upon information and belief and at all times relevant, Defendant Omni Construction is a corporation organized under the laws of the State of Ohio with its principal place of business within this judicial district.  The last known address for Omni Construction's statutory agent is set forth in the caption of this Complaint.

4.      Upon information and belief and at all times relevant, Defendant R. Stone is a citizen of the State of Ohio residing within this district.  The last known address for R. Stone is as set forth in the caption of this Complaint.  Upon information and belief and at all applicable times, R. Stone is the sole shareholder, president and director of Omni Construction.

2

5.       Upon information and belief and at all times relevant, Defendant S. Stone is a citizen of the State of Ohio residing within this district.  The last known address for S. Stone is as set forth in the caption of this Complaint.  S. Stone is the spouse of R. Stone and an insider of Omni Construction.

6.       Upon information and belief and at all times relevant, Defendant F&D is a corporation organized under the laws of the State of Illinois with its principal place of business in Schaumberg, Illinois, authorized to conduct business as a surety in the State of Ohio, and is deemed to reside in this district pursuant to 28 U.S.C. § 1391(b). The last known address for F&D is set forth in the caption of this Complaint.

7.       This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between Plaintiffs and Defendants. The amount in controversy, exclusive of interest and costs, exceeds the value of $75,000.

8.       Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because one or more of the Defendants resides in this district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred and a substantial part of property and transfers that are the subject of the action are situated in this district.

### FACTUAL ALLEGATIONS

9.       Plaintiffs incorporate by reference the foregoing paragraphs as if restated in full herein.

10.      On or about December 3, 2013, Plaintiffs and Defendant Omni Construction entered into a certain *Form of Agreement Between Primrose and Contractor for a Stipulated Sum and General Conditions of Contract for Construction* ("**Contract**") for the construction of a 76-unit Independent and Assisted Living Facility and a 4 building, 8 unit Independent Living Villas

3

for retired persons, and installation of a 2' temporary waterline and offsite waterline extension in

Jefferson City, Missouri (the "**Project**").

11.     The stipulated Contract Sum for the Project was $8,368,517, later adjusted by

Change Orders to $8,952,251.75.  The Contract obligated Omni Construction to provide and pay

for all labor, materials, equipment and other facilities and services necessary for the proper

execution and completion of the Project.

12.     As required by the Contract, Omni Construction provided Payment and Performance

Bonds to Plaintiffs in the amount of $8,368,251.75, underwritten and issued by F&D as Surety. The

Payment Bond ("**Bond**") provides, in pertinent part:

> The Contractor and the Surety, jointly and severally, bind themselves . . . to the Owner to
> pay for labor, materials and equipment furnished for use in the performance of the
> Construction Contract, which is incorporated herein by reference.

 A copy of the Bond is attached hereto and incorporated herein by reference as Exhibit A.

13.     To secure and guarantee Omni Construction's performance of its obligations

under contracts bonded by F&D, including Omni Construction's obligations to Plaintiffs under

the Contract and the Bonds for the Project, Omni Construction, R. Stone and S. Stone executed

and delivered to F&D a General Indemnity Agreement dated July 15, 2013 (the "**GIA**").  A copy

of the GIA is attached hereto and incorporated herein by reference as Exhibit B.

14.     Omni Construction breached and defaulted under the Contract by delaying

completion of the Project and failing to pay all of its subcontractors and suppliers for all their

labor, materials and equipment as required by the Contract and the Bonds for the Project.

Plaintiffs gave Omni Construction and F&D multiple written notices of default and, on

November 14, 2014 issued formal Notice to Omni Construction and F&D of the termination of

the Contract according to its terms.

4

15.     Following termination of the Contract, Plaintiffs paid for all labor, materials and equipment required to complete performance of the Contract and finish the Project.  Plaintiffs' costs of finishing the Project ultimately exceeded the unpaid balance of the Contract Sum by $2,576,500.07.

16.     By letter dated June 24, 2015 Plaintiffs provided written notice to Omni Construction and F&D of Plaintiffs' claims pursuant to the terms of the Contract and the Bond for the excess costs of finishing the Project, other damages, and interest.

17.     On December 17, 2014, Omni Construction commenced arbitration ("**Arbitration Case**") with the American Arbitration Association ("**AAA**") pursuant to the terms of the Contract, and three Arbitrators were subsequently selected to hear the Arbitration Case (collectively, the "**Arbitrators**").  Plaintiffs filed an Answering Statement and Counterclaim against Omni Construction in the Arbitration Case for $3,000,000, interest and costs.

18.     Upon information and belief and at all times relevant, F&D had actual and/or constructive notice and knowledge of the Arbitration Case and all related proceedings, and was privy thereto, but did not seek to attend or participate in any such proceedings.

19.      On August 2, 2018, following extensive discovery and preliminary proceedings, an evidentiary arbitration hearing of the parties' claims and disputes was conducted in accordance with the terms of the Contract and the AAA Rules.

20.     On August 30, 2018, the Arbitrators made and delivered their final Award of Arbitrators in favor of Plaintiffs and against Omni Construction (the "**Arbitration Award**").

21.     Subsequently, the United States District Court for the District of South Dakota, Northern Division, in the case captioned as *Primrose Retirement Communities, L.L.C., et al. v. Omni Construction Company, Inc.,* Case Number 1;18-CV-1021, confirmed the Arbitration

Award, and entered judgment in favor of Plaintiffs and against Omni Construction on or about October 25, 2018 in the following amounts: (1) $2,576,500.07 for the amount paid by Plaintiffs to complete the project, plus interest on that amount at the contractual rate of 18% per annum through August 2, 2018, totaling $1,464,848.20, plus interest at $1,270.60 per day from and after August 2, 2018 until paid; (2) $13,000 for the amount paid by Plaintiffs for a letter of credit plus interest on that amount at the contractual rate of 18% per annum from August 5, 2015 until paid; (3) $52,500 for the amount paid by Plaintiffs to settle two lien claims caused by Defendant plus interest on that amount at the contractual rate of 18% per annum from February 27, 2018 until paid; (4) $117,166.75 to settle a lien filed by Defendant's subcontractor, Lees Plumbing, plus interest on that amount at the contractual rate of 18% per annum from the date Plaintiffs pay that amount until paid by or on behalf of Defendant; (5) $98,550.66 to settle a lien filed by Defendant's subcontractor, Twehous Excavating Company, plus interest on that amount at the contractual rate of 18% per annum until paid by or on behalf of Defendant; (6) $276,201.59 in attorneys' fees incurred by Plaintiffs, plus interest on that amount at the contractual rate of 18% per annum from August 30, 2018 until paid; (7) $74,485.77 in costs and disbursements incurred by Plaintiffs, plus interest on that amount at the contractual rate of 18% per annum from and after August 30, 2018 until paid; and (8) $48,592.14 representing reimbursement of American Arbitration Association fees, Arbitrator compensation and expenses incurred and paid by Plaintiffs, plus interest on that amount at the contractual rate of 18% per annum from and after August 30, 2018 until paid (the "**Judgment**").

22.     The total principal amount of Judgment entered for Plaintiffs as against Omni Construction is $3,256,996.98, plus prejudgment interest as provided in paragraph 1 of the Judgment totaling $1,464,848.20 through August 2, 2018, plus additional pre- and post-judgment

interest at the contractual rate of 18% per annum on all amounts awarded in this Judgment as provided in paragraphs 1 through 8 above until paid. The total Judgment including interest and costs accrued to date exceeds $5,000,000. The Judgment remains to this day totally unsatisfied by Omni Construction.

23.    Plaintiffs have registered the Judgment for enforcement in this Court pursuant to 28 U.S.C. § 1963, in Case Number 1:18 MC 130.

24.    This case involves claims for relief pursuant to R.C. 1313.56-.58, R.C. 1336.04, and R.C. 1336.05 based on fraudulent and preferential transfers from Omni Construction to the Stones; for declaration of corporate alto ego and piercing of Omni Construction's corporate veil as against R. Stone; and for relief against the Stones and F&D pursuant to the terms of the bonded Contract, the Bond and the GIA.

25.    Upon information and belief and at all times relevant, R. Stone exclusively controls and makes decisions for Omni Construction.

26.    Upon information and belief, R. Stone utilized his exclusive control over Omni Construction to divert and transfer assets and pay monies to himself and for the benefit of S. Stone, while failing to pay Plaintiffs.  These diversions and transfers of assets were made to the Stones for their benefit and to the detriment of Plaintiffs as creditors of Omni Construction.

27.    For the four years while the Arbitration Case and a related case involving a Primrose project at Racine, Wisconsin were pending, in which large claims were made against Omni Construction, Omni Construction continued to deplete its assets and make significant transfers to the Stones.

28.    Upon information and belief, the specific transfers from Omni Construction to or for the benefit of the Stones include, but are not limited to, the following transfers (collectively,

7

"**Transfers**," and singularly, "**Transfer**"): (i) for year 2015, transfers  consisting of shareholder distributions of $37,148.00; (ii) for year 2016, transfers consisting of shareholder distributions totaling  $568,453.93; (iii) for year 2017, transfers totaling$1,042,955.20 consisting of shareholder distributions of $412,955.20 and shareholder loan payments of $630,000.00; (iv) for year 2018 through March 31, 2018 shareholder distributions of $245,000.00; and (v) any and all other fraudulent or preferential transfers made to insiders or others from 2015 to the present, in amounts and under circumstances to be determined through further investigation and discovery in this case.

29.     The Stones are insiders of Omni Construction and participated in, had knowledge of, and personally or through their agents or partners consented to, are estopped from denying, and/or received the benefit of, the applicable Transfers.

30.     Upon information and belief, at the time the Stones received the Transfers, Omni Construction was insolvent or contemplating insolvency. By July of 2018, Omni Construction had ceased its business operations and closed its doors.

31.     Upon information and belief and at all times relevant, Omni Construction was insolvent pursuant to R.C. 1336.02 since: (1) the sum of Omni Construction's debts were greater than all of the assets of the corporation at fair valuation, and/or (2) Omni Construction was generally not paying its debts as they became due.

32.     At the time that the Stones received each of the applicable Transfers, the Stones had actual or constructive knowledge of, or are imputed with such knowledge, or are estopped from denying having knowledge of, the fraudulent actions and schemes of Omni Construction as aforesaid, and of Omni Construction's insolvency or contemplated insolvency.

8

33.     As a direct and proximate result of the foregoing Transfers and as described herein below, Plaintiffs have been damaged in an amount as yet undetermined, but believed to be in excess of the amount of all of the Transfers.

34.     Upon information and belief, the Transfers were made for less than adequate consideration.

35.     As a direct and proximate result of the foregoing, and of the other various stratagems and fraud knowingly and fraudulently engaged in by or on behalf of R. Stone, the assets of Omni Construction have been dissipated, depleted and concealed, thereby damaging Plaintiffs, and thereby removing, hindering or concealing the property, which prevents Plaintiffs from taking possession thereof.

36.     Furthermore, R. Stone's domination and control over Omni Construction was so complete that it has no separate mind, will, or existence of its own.  Further, R. Stone with full knowledge that Omni Construction was insolvent, caused Omni Construction to use its assets to pay the Stones rather than Plaintiffs.

37.     Upon information and belief, R. Stone and Omni Construction operated as a single entity.  By operating Omni Construction as a single entity, R. Stone was able to cause Omni Construction to continue in operation even though it was inadequately capitalized and was operating at a substantial loss.

## COUNT I – UFTA FRAUDULENT TRANSFERS (R. STONE AND S. STONE)
## R.C. 1336.04

38.     Plaintiffs reallege each and every allegation of the foregoing paragraphs of the Complaint as if fully restated herein.

39.     Prior to the institution of this action, the Transfers of monies belonging to Omni Construction were made to or for the benefit of the Stones.

9

40.    R.C. 1336 is the Uniform Fraudulent Transfer Act as adopted by the State of Ohio ("**UFTA**").

41.    The Transfers are fraudulent as to Plaintiffs pursuant to R.C. 1336.04(A) in that Omni Construction and the Stones made the Transfers in either of the following ways: (1) with actual intent to hinder, delay, or defraud creditors of Omni Construction; or (2) without Omni Construction receiving a reasonably equivalent value in exchange for the Transfers, when either: (a) Omni Construction was engaged or was about to engage in a business or transaction(s) for which the remaining assets of Omni Construction were unreasonably small in relation to the business or transaction(s); or (b) Omni Construction intended to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to pay as the debts became due.

42.    The facts manifesting Defendants' actual intent to hinder, delay, or defraud Plaintiffs as creditors of Omni Construction include, but are not limited to, the following: (1) the Transfers were made to insiders of Omni Construction; (2) Omni Construction and/or the Stones directly or indirectly retained possession or control of the property transferred after the Transfers; (3) the Transfers were not disclosed but instead were concealed from Plaintiffs; (4) before the Transfers were made, the Arbitration Case and a related case involving a Primrose project at Racine, Wisconsin involving combined total claims of over $5,000,000 were commenced and pending against Omni Construction; (5) Omni Construction absconded by closing Omni's doors and going out of business following the Transfers; (6) Omni Construction and the Stones removed or concealed assets in connection with the Transfers; (7) the value of the consideration received by Omni Construction was not reasonably equivalent to the value of the assets transferred; (8) Omni Construction was insolvent or became insolvent shortly after the

10

Transfers were made; and (9) the Transfers occurred shortly before or shortly after substantial debts were incurred.

43.     Therefore, pursuant to R.C. 1336.04 and 1336.07, Plaintiffs request that the Transfers be rendered void and that a judgment be rendered against the Stones in an amount to be determined at trial, together with any and all other relief that the circumstances require.

## COUNT II – UFTA FRAUDULENT TRANSFERS (R. STONE AND S. STONE) R.C.1336.05

44.     Plaintiffs reallege each and every allegation of the foregoing paragraphs of the Complaint as if fully restated herein.

45.     Prior to the institution of this action, the Transfers of monies belonging to Omni Construction were made to or for the benefit of the Stones.

46.     Plaintiffs' claims against Omni Construction in the Arbitration Case arose before the Transfers were made.

47.      The Transfers are fraudulent as to Plaintiffs pursuant to R.C. 1336.05(A) in that the Transfers were made without receiving reasonably equivalent value in exchange for the Transfers.

48.     Additionally, certain of the Transfers including but not limited to $630,000 paid to R. Stone during 2017 are fraudulent as to Plaintiffs pursuant to R.C. 1336.05(B) to the extent that such Transfers were made to an insider for an antecedent debt, Omni Construction was insolvent at the time, and R. Stone had reasonable cause to believe that Omni Construction was insolvent.

49.     Hence, pursuant to R.C. 1336.05 and 1336.07, Plaintiffs request that the Transfers be rendered void and that a judgment be rendered against the Stones in an amount to be determined at trial, together with any and all other relief that the circumstances require.

11

## COUNT III – PREFERENTIAL OR FRAUDULENT CONVEYANCES
### (R. STONE AND S. STONE)
### R.C. 1313.56 - R.C. 1313.58

50. Plaintiffs reallege each and every allegation of the foregoing paragraphs of the Complaint as if fully restated herein.

51. Omni Construction made the Transfers of monies belonging to Omni Construction to or for the benefit of the Stones.

52. At the time of each Transfer to the Stones, Omni Construction was insolvent or contemplating insolvency, and made such Transfer: (i) with a design to prefer one or more creditors to the exclusion in whole or in part of others; and/or (ii) with intent to hinder, delay, or defraud other creditors, including Plaintiffs.

53. The Stones, at the time said Transfers were made, had actual or constructive knowledge of the fraudulent intent on the part of Omni Construction and are estopped from denying said knowledge.

54. As a direct and proximate result of the foregoing, Plaintiffs have been damaged, in an amount at least equal to the Transfers. R.C. 1313.56 through 1313.58 deem the Transfers to be fraudulent as to Plaintiffs.

55. Therefore, pursuant to R.C. 1313.58, Plaintiffs request that the Transfers be rendered void and that a judgment be rendered against the Stones in an amount to be determined at trial, and that any monies or property recovered be remitted to a court-appointed receiver for further distribution pursuant to a subsequent order from this Court.

## COUNT IV – DECLARATION OF ALTER EGO (R. STONE)

56. Plaintiffs reallege each and every allegation of the foregoing paragraphs of the Complaint as if fully restated herein.

12

57.     Upon information and belief and at all times relevant, Omni Construction was grossly inadequately capitalized; Omni Construction failed to observe corporate formalities; Omni Construction was insolvent at the time that the obligation was incurred and Judgment was obtained; R. Stone was and is personally liable for certain obligations of Omni Construction; R. Stone diverted Omni Construction's funds for use by R. Stone, and Omni Construction's corporate structures are merely facades for the operations of R. Stone.

58.     Therefore, R. Stone and Omni Construction are one and the same, and R. Stone is the *alter ego* of Omni Construction.

59.     Consequently, Plaintiffs request that a judgment be rendered against R. Stone as the *alter ego* of Omni Construction in an amount to be determined at trial.

## <u>COUNT V – PIERCING THE CORPORATE VEIL (R. STONE)</u>

60.     Plaintiffs reallege each and every allegation of the foregoing paragraphs of the Complaint as if fully restated herein.

61.     At all times relevant, Omni Construction was controlled by R. Stone.  The control by R. Stone was so great that Omni Construction had no separate mind, will or legal existence of its own.

62.     R. Stone exercised control over Omni Construction in a manner so as to commit fraud or otherwise an unlawful act against Plaintiffs.  Upon information and belief, R. Stone directed Omni Construction to continue with the Arbitration Case and issue the Transfers at a time when Defendants had no intention of paying Plaintiffs' obligation as reduced to Judgment.

63.     Upon information and belief, R. Stone elected not to provide Omni Construction with sufficient funds to pay its obligations, but rather to transfer funds from Omni Construction

13

to the Stones. At such times, R. Stone and Omni Construction knew that they had no intention of paying Plaintiffs' obligation as reduced to Judgment.

64.     As a result of Defendant R. Stone' actions, Plaintiffs have been damaged as reflected by the Judgment. Although Omni Construction owes Plaintiffs in excess of $5 million, Plaintiffs have been unable to collect on the Judgment because Omni Construction purportedly has no assets. In fact, upon information and belief, Omni Construction ceased operations right before the Arbitration case proceeded to a hearing before the Arbitrators.

### COUNT VI – PUNITIVE DAMAGES (R. STONE)

65.     Plaintiffs reallege each and every allegation of the foregoing paragraphs of the Complaint as if fully restated herein.

66.     Upon information and belief, R. Stone acted with actual malice when making the fraudulent Transfers and committing fraudulent or otherwise unlawful acts against Plaintiffs, in that R. Stone acted with (i) hatred, ill will, or a spirit of revenge toward Plaintiffs and their executive officers and members, or (ii) a conscious disregard for the rights of others that had a great probability of causing and did cause substantial harm to Plaintiffs.

67.     Therefore, Plaintiffs request that a judgment be rendered against R. Stone for punitive damages in an amount to be determined at trial.

### COUNT VII – STONES' PERSONAL LIABILITY TO PLAINTIFFS AS THIRD PARTY BENEFICIARY OF GIA

68.     Plaintiffs reallege each and every allegation of the foregoing paragraphs of the Complaint as if fully restated herein.

69.     At all times relevant, Plaintiffs were the primary beneficiaries and obligees of the Bond for the Project issued by Omni Construction as Principal and F&D as Surety. As such, Plaintiffs were also intended third-party beneficiaries of the promises and obligations of the

14

Stones under the GIA, by which the Stones personally agreed to exonerate, indemnify and hold F&D harmless from any liability under the Bond and/or any claims including Omni Construction's and F&D's asserted liability in connection with the Bond, the bonded Contract, and/or the GIA as alleged in this Complaint. Pursuant to the GIA, F&D has the right to demand and require the Stones to personally procure the complete discharge of all liability connected with the Bond, including by satisfying the Arbitration Award and the Judgment against Omni Construction.

70.     Therefore, Plaintiffs request that judgment be entered against R. Stone and S. Stone in an amount to be determined, together with such other relief that the circumstances may require.

## COUNT VIII – LIABILITY OF F&D AS SURETY

71.     Plaintiffs reallege each and every allegation of the foregoing paragraphs of the Complaint as if fully restated herein.

72.     Pursuant to paragraph 1 of the Bond, Omni Construction and F&D, jointly severally, bound themselves to Plaintiffs to pay for labor, materials and equipment furnished for use in the performance of the Contract, which was incorporated in the Bond by reference.

73.     All or most of the damages awarded to Plaintiffs in the Arbitration Award and the Judgment represent costs of labor, materials and equipment incurred and paid by Plaintiffs to complete performance of the Contract after Omni's termination following due notice to Omni Construction and F&D.

74.     F&D's obligations and liability to Plaintiffs according to the Bond are coextensive with that of Omni Construction as determined by the Arbitration Award and the Judgment, except as to any defenses unique to the Surety, if any.

15

75.     It would be unjust and inequitable under all the circumstances for Plaintiffs to bear the loss and damages represented by the Arbitration Award and Judgment while permitting F&D to avoid its obligations and liability under the Bond.

76.     Therefore, Plaintiffs request that judgment be rendered against F&D, jointly and severally with the other Defendants, in an amount to be determined at trial, together with such other relief that the circumstances may require.

WHEREFORE, Plaintiffs Primrose Retirement Communities, L.L.C. and Jefferson City Retirement, L.L.C. request that judgment be entered as follows:

A.     As to Counts One, Two, and Three, that judgment be rendered against Defendant Richard L. Stone and Suzanna L. Stone, jointly and severally, in an amount to be determined at trial;

B.     As to Court Four, that judgment be rendered against Defendant Richard L. Stone as the *alter ego* of Omni Construction Company, Inc. for the amounts owed under the Judgment;

C.     As to Count Five, that judgment be rendered against Defendant Richard L. Stone for piercing the corporate veil of Omni Construction Company, Inc. for the amounts owed under the Judgment;

D.     As to Count Six, that judgment be rendered against Defendant Richard L. Stone for punitive damages in an amount to be determined at trial;

E.     As to Count Seven, that judgment be rendered against Defendant Richard L. Stone and Suzanna L. Stone, jointly and severally, in an amount to be determined at trial;

16

F.      As to Count Eight, that judgment be rendered against Defendant F&D, jointly and

severally with the other Defendants, in and amount to be determined at trial;

G.      Attorneys' fees, costs, and expenses; and

H.      For such other and further relief as this Court deems just and proper.

Respectfully submitted,


/s/ Tami Hart Kirby
Tami Hart Kirby, Esq. (0078473)
Cassandra Andres Rice, Esq. (0090102)
PORTER WRIGHT MORRIS & ARTHUR LLP
One South Main Street, Suite 1600
Dayton, Ohio 45402-2028
Telephone: (937) 449-6721
Facsimile: (937) 449-6820
E-mail: tkirby@porterwright.com
            crice@porterwright.com

-and-

Rebecca K. Fischer (0071052)
Porter Wright Morris & Arthur LLP
950 Main Avenue, Suite 500
Cleveland, Ohio  44113
Telephone: (216) 443-9000
Email: rfischer@porterwright.com

*Attorney for Plaintiffs*

DMS/12619636v.1