# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **PRIMROSE RETIREMENT COMMUNITIES, L.L.C., et al.,** | CASE NO. 1:19-cv-01771 |
| | JUDGE CHRISTOPHER A. BOYKO |
| Plaintiffs, | **DEFENDANTS, OMNI CONSTRUCTION COMPANY, INC., RICHARD L. STONE AND SUZANNA L. STONE'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| -vs- | |
| **OMNI CONSTRUCTION COMPANY, INC., et al,** | |
| Defendants. | |

Now comes Defendants, Omni Construction Company, Inc., Richard L. Stone, and Suzanna L. Stone (collectively "Defendants"), and hereby move this Court, pursuant to Federal Rule of Civil Procedure 12(c) and O.R.C. Section 1705.58(A) to dismiss all claims asserted by Plaintiff, Jefferson City Retirement, L.L.C. against Defendants. Plaintiff, Jefferson City Retirement, L.L.C. is a foreign limited liability company not registered in the State of Ohio. Therefore, it lacks capacity to bring its claims in this Court. A memorandum in support of this Motion is attached hereto and incorporated herein.

Respectfully submitted,

/s/ *Leslie E. Wargo*
LESLIE E. WARGO (0073112)
Wargo Law, LLC
1501 North Marginal Road, Suite 182
Cleveland, Ohio  44114
(216) 403-3350 (Phone)
E-mail:  Leslie@Wargo-Law.com

*Attorney for Defendants, Omni Construction Company, Inc., Richard L. Stone, and Suzanna L. Stone*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 2, 2019, a copy of the foregoing *Defendants, Omni Construction Company, Inc., Richard L. Stone, and Suzanna L. Stone's Motion for Partial Judgment on the Pleadings* was filed electronically via the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                      */s/Leslie E. Wargo*
                      LESLIE E. WARGO (0073112)

**MEMORANDUM IN SUPPORT**

I.      INTRODUCTION

Plaintiffs, Primrose Retirement Communities, L.L.C. ("Plaintiff Primrose") and Jefferson City Retirement, L.L.C. ("Plaintiff Jefferson"), brought their claims collectively against, *inter alia*, Defendants Omni Construction Company, Inc., Richard L. Stone, and Suzanna L. Stone ("Defendants"), in this case. Plaintiff Primrose is a "limited liability company organized under the laws of the State of South Dakota with its principal place of business in Aberdeen, South Dakota." (Complaint at ¶1). Although Plaintiff Primrose does not claim to be registered with the Ohio Secretary of State, a search of the website shows that it is registered with the Ohio Secretary of State.

Plaintiff Jefferson is a "limited liability company organized under the laws of the State of South Dakota with its principal place of business in Aberdeen South Dakota." (Complaint at ¶2). Plaintiff Jefferson does not allege in its Complaint that it is registered with the Ohio Secretary of State in accordance with Ohio Revised Code Section 1705.53 through 1705.58. A search of the website of the Ohio Secretary of State reveals that Plaintiff Jefferson has not registered with the Ohio Secretary of State. (See, Exhibit A attached hereto).

Plaintiff Jefferson's failure to register is fatal to its pursuit of its claims against Defendants. Ohio Revised Code Section 1705.58(A) establishes that unregistered foreign limited liability companies have no capacity to sue in any court in Ohio. As such, this Court should dismiss Plaintiff Jefferson's claims under Federal Rule of Civil Procedure 12(c).

3

II. <u>LAW AND ARGUMENT</u>

Under Rule 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *EEOC v. Faurecia Exhaust Sys.,* 601 F.Supp.2d 971, 973 (N.D. Ohio 2008) (citations omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id., citing, JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001), citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997) (emphasis omitted); see also, Federal Rule of Evidence 201; Chappell & Co. v. 111 N. Main Street, Inc., N.D. of Ohio, Case No. 5:08cv3000, 2009 U.S. Dist. LEXIS 131037, FN 1 (court took judicial notice of public records found on Ohio Secretary of State website).

O.R.C. Section 1705.58(A) provides that:

> A foreign limited liability company transacting business in this state
> may not maintain any action or proceeding in any court of this state
> until it has registered in this state in accordance with sections 1705.53
> to 1705.58 of the Revised Code.

As an unregistered foreign limited liability company, Plaintiff Jefferson fails to meet the statutory requirements to maintain its claims in this action.

4

The Northern District of Ohio has dismissed cases for a plaintiff's lack of capacity to sue. These actions were dismissed because the plaintiffs—foreign limited liability companies—were not registered in Ohio, as required by O.R.C. Section 1705.58(A). *See, e.g. Alpha Waste Sys., LLC v. Res. Reclamation Toledo, LLC,* No. 3:13-cv-2462, 2014 U.S. Dist. LEXIS 61833, at *4-6 (N.D. Ohio May 5, 2014) (Rather than expend judicial resources and risk a judgment being rendered invalid, the court granted motion to dismiss without prejudice for lack of capacity because plaintiff foreign limited liability company failed to register pursuant to O.R.C. Section 1705.58(A) before filing an action in Ohio); see also, *GKP, LLC v. Wells Fargo & Co.,* No. 1:13-cv-01482, 2013 U.S. Dist. LEXIS 136433, *19-20 (N.D. Ohio, Sept. 24, 2013) (dismissing complaint because the plaintiff was not licensed in Ohio when the complaint was filed; when the motion to dismiss was filed; when the brief in opposition was filed; and there was no evidence plaintiff had a pending application to transact business in Ohio).

Here, Plaintiff Jefferson is a South Dakota limited liability company that is not registered in Ohio. (Complaint at ¶2; Ex. A). Pursuant to O.R.C. Section 1705.58(A), Plaintiff Jefferson lacks the capacity to sue in Ohio. Thus, this Court should dismiss Plaintiff Jefferson's claims.

III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants, Omni Construction Company, Inc., Richard L. Stone, Suzanna L. Stone, respectfully request that the Court grant their Motion for Partial Judgment on the Pleadings and dismiss all of Plaintiff Jefferson City Retirement L.L.C.'s claims against them.

Respectfully submitted,


/s/ *Leslie E. Wargo*
LESLIE E. WARGO (0073112)
Wargo Law, LLC
1501 North Marginal Road, Suite 182
Cleveland, Ohio 44114
(216) 403-3350 (Phone)
E-mail: Leslie@Wargo-Law.com

*Attorney for Defendants, Omni Construction Company, Inc., Richard L. Stone, and Suzanna L. Stone*